JS 44C/SDNY
REV. 12/2005

**CIVIL COVER SHEET** 07 CV 556

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Lucas, Steven | Abercrombie & Fitch Co.,<br>Abercrombie & Fitch Stores, Co.,<br>Abercrobie & Fitch Trading Co. |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Woolley & McGillivary<br>1125 15th Street, NW Suite 400<br>Washington, DC 20005<br>202-833-8855 | James Patrick Clark<br>Bond, Schoeneck & King, PLLC<br>1399 Franklin Avenue, Ste. 200<br>Garden City, NY 11530 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

This is an action under the Fair Labor Standards Act and N.Y. Lab. Law Sections 662 and 215 arising from defendants discharge of plaintiff for asserting his right to overtime pay.

Has this or a similar case been previously filed in SDNY at any time? No☐ Yes?☒   Judge Previously Assigned  P. Kevin Castel

If yes, was this case  Vol☐  Invol. ☐  Dismissed. No☒ Yes ☐   If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*   NATURE OF SUIT

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[x] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**

[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Unknown    OTHER

Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE P. Kevin Castel _____ DOCKET NUMBER 1:06-cv-12879

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

**ORIGIN**

(PLACE AN  x  IN ONE BOX ONLY)

[X] 1 Original Proceeding
[ ] 2a. Removed from State Court
[ ] 2b. Removed from State Court AND at least one party is a pro se litigant
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from (Specify District)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judge Judgment

**BASIS OF JURISDICTION**

(PLACE AN  x  IN ONE BOX ONLY)

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [X] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   [ ] 4 DIVERSITY

**IF DIVERSITY, INDICATE CITIZENSHIP BELOW.
(28 USC 1332, 1441)**

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 [ ]4 | FOREIGN NATION | [ ]6 [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Steven Lucas
96-36 220th Street
Queens Village, NY 11428
Queens County

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Bond, Schoeneck & King, PLLC
On Behalf of Abercrombie & Fitch Co., Abercrombie & Fitch Trading Co.,
and Abercrombie & Fitch Stores
1399 Franklin Avenue, Ste. 200
Garden City, NY 11530
Nassau County

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [X] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE 1/23/07  SIGNATURE OF ATTORNEY OF RECORD

RECEIPT # _____

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED  Mo. 03  Yr. 05 )
Attorney Bar Code #  LS8260

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LUCAS, STEVEN | ) | |
| | ) | |
| Individually, and on behalf of all others | ) | |
| Similarly situated as Class Representatives, | ) | |
| | ) | |
| PLAINTIFF, | ) | Civil Action No. |
| | ) | Jury Trial Requested |
| v. | ) | |
| | ) | |
| ABERCROMBIE & FITCH, CO. | ) | |
| ABERCROMBIE & FITCH STORES, INC. | ) | |
| ABERCROMBIE & FITCH TRADING, CO. | ) | |
| d/b/a Abercrombie & Fitch | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

## NOTICE OF RELATED CASE

This action is related to the case <u>Green, et al. v. Abercrombie & Fitch, Co., et al.</u>,

civil action number 1:06-cv-12879, which is pending before the Honorable P. Kevin

Castel. This is a case concerning defendants' retaliation against the plaintiff for his

complaints about not receiving overtime pay and his participation and assistance in the

<u>Green</u> case. The <u>Green</u> case concerns defendants' failure to pay overtime for overtime

hours worked in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a)

and the New York Minimum Wage Act, N.Y. Lab. Law §§ 650, <u>et seq.</u> Thus, the two

cases are related in that an individual was retaliated against – i.e., he was fired from his

job with defendants – as a result of the <u>Green</u> case having been pursued.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCAS, STEVEN )<br><br>Individually, and on behalf of all others )<br>Similarly situated as Class Representatives, )<br><br>PLAINTIFF, )<br><br>v. )<br><br>ABERCROMBIE & FITCH, CO. )<br>ABERCROMBIE & FITCH STORES, INC. )<br>ABERCROMBIE & FITCH TRADING, CO. )<br>  d/b/a Abercrombie & Fitch )<br><br>DEFENDANTS. ) | Civil Action No.<br>Jury Trial Requested |

## COMPLAINT

### INTRODUCTION

1.    Plaintiff Steven Lucas is a former loss prevention agent employed by Defendants. Plaintiff regularly worked for Defendants over forty (40) hours per week without receiving overtime compensation for such hours worked. Plaintiff, by and through his attorneys, Woodley & McGillivary, complains of Defendants Abercrombie & Fitch, Co., Abercrombie & Fitch Stores, Inc., and Abercrombie & Fitch Trading, Co., d/b/a Abercrombie & Fitch (hereinafter referred to as "Defendants") as follows:

### NATURE OF THE ACTION

2.    Plaintiff alleges that he is entitled to back pay, liquidated damages, punitive damages, reinstatement, make-whole relief, prejudgment interest, costs and reasonable attorneys' fees from Defendants due to Defendants' retaliatory discharge of his employment for engaging in protected activity in violation of 29 U.S.C. Section 215

(a)(3) and N.Y. Lab. Law §§ 662 and 215.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b). Plaintiffs' claim under 29 U.S.C. 215 (a)(3), the Fair Labor Standards Act, confers subject matter jurisdiction.

4.     In addition, the Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Both the New York Labor Law claim and Fair Labor Standards Act claim involve violations of similar anti-retaliation statutes. Claims similar to the New York Labor Law claim have been litigated frequently and allege violations similar to those set forth in this action. Moreover, the New York Labor Law claim does not predominate over the Fair Labor Standards Act claim.

5.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391. Defendants regularly transact business in this district, such that they are subject to personal jurisdiction here.

6.     Defendants are engaged in interstate commerce.

7.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8.     Plaintiff Steven Lucas is an adult individual residing in Queens Village, Queens County, New York.

9.     Upon information and belief Defendant Abercrombie & Fitch, Co. is a domestic corporation doing business within the City and County of New York. Abercrombie & Fitch, Co. maintains corporate headquarters in Columbus, OH at 6301

2

Fitch Path, New Albany, OH 43054.

10.     Upon information and belief Defendant Abercrombie & Fitch Stores, Inc. is a domestic corporation doing business within the City and County of New York. Abercrombie & Fitch Stores, Inc. maintains corporate headquarters in Columbus, OH at 6301 Fitch Path, New Albany, OH 43054.

11.     Upon information and belief Defendant Abercrombie & Fitch Trading, Co. is a domestic corporation doing business within the City and County of New York. Abercrombie & Fitch Trading, Co. maintains corporate headquarters in Columbus, OH at 6301 Fitch Path, New Albany, OH 43054.

12.     Upon information and belief Defendants are specialty retailers of apparel for men, women and children, and maintain approximately 897 stores located throughout New York and across the United States, within the following divisions: Abercrombie & Fitch, abercrombie, Hollister and Ruehl.

### STATEMENT OF FACTS

13.     Plaintiff was initially hired and employed as a loss prevention agent by Defendants.

14.     Plaintiff's work was performed on the premises of the Defendants' Abercrombie & Fitch stores, was performed in the normal course of the Defendants' stores' business and was integrated into the business of the Defendants' stores.

15.     At all relevant times, the job of Plaintiff has been to perform security related functions on behalf of Defendants at Defendants' stores.

16.     Defendants learned that Plaintiff had contacted counsel concerning Defendants' violation of federal and state labor laws.  In retaliation for said contact and

in retaliation for the filing of a Complaint against Defendants, which alleges FLSA and New York State Minimum Wage Act violations, Defendants fired Plaintiff on January 18, 2007 in violation of the FLSA, 29 U.S.C. §215(a)(3), N.Y. Lab. Law § 215 and 662.

17.    At all relevant times, Plaintiff was regularly scheduled to work up to forty (40) hours per week.

18.    Plaintiff regularly worked in excess of forty (40) hours per week yet the Defendants willfully failed to pay Plaintiff overtime pay of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) hours per week, in violation of the Fair Labor Standards Act and the New York Minimum Wage Act.

19.    Plaintiff Steven Lucas was employed by the Defendants in the position of loss prevention agent within the past three years.

## FIRST CLAIM FOR RELIEF
## RETALIATION

20.    Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 19 above.

21.    Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

22.    At all times relevant to this action, Plaintiff was employed by the Defendants within the meaning of the FLSA.

23.    At all times relevant to this action, Plaintiff was engaged in commerce and/or the production of goods for commerce and/or Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §206(a) and 207(a).

4

24. Through information provided to counsel, Plaintiff caused to be instituted an action against Defendants for violations of the FLSA and New York State Minimum Wage Act, <u>Green, et al. v. Abercrombie & Fitch, et al.</u>, 1:06-cv-12879 (S.D.N.Y.) (PKC), which was filed in November 2006.

25. On or about October 2006, Defendants informed Plaintiff that they knew Plaintiff had been in contact with counsel for the purpose of bringing a lawsuit to obtain unpaid overtime wages. Defendants warned Plaintiff against participation in such a lawsuit.

26. After learning of Plaintiffs' communications with counsel and the filing of the Complaint in <u>Green, et al. v. Abercrombie & Fitch, et al.</u>, 1:06-cv-12879 (S.D.N.Y.) (PKC), Defendants, and/or their employees or representatives unlawfully terminated the employment of Plaintiff on January 18, 2007, in retaliation for asserting his rights under federal and state law and in violation of the FLSA, 29 U.S.C. §215(a)(3), N.Y. Lab. Law § 215 and 662.

27. Defendants' actions were willful and in direct violation of federal and state law.

28. Due to Defendants' violation of federal and state anti-retaliation labor law provisions, Plaintiff is entitled to recover from Defendants, jointly and severally, his back pay, liquidated damages, punitive damages, attorneys' fees and costs pursuant to the FLSA and the New York State Labor Law.

5

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

29.    Declare the Defendants' conduct complained of herein to be in violation of the Plaintiff's rights under the FLSA and the New York Labor Law;

30.    Award Plaintiff back pay and liquidated damages due to Defendants' retaliatory actions;

31.    Award Plaintiff punitive damages due to Defendants' retaliatory conduct;

32.    Reinstate Plaintiff in his job as loss prevention agent and make him whole for the loss of all benefits, backpay and other relief necessary to remedy Defendants' unlawful retaliation against him;

33.    Award Plaintiff prejudgment interest; and

34.    Award Plaintiffs the costs of this action together with reasonable attorneys' fees; and such other legal and equitable relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

6

Dated: January 23, 2007

New York, NY

Respectfully submitted,

Lauren Schwartzreich (LS-8260)
Gregory K. McGillivary (SSN: 0280)
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, DC  20005
Phone:  (202) 833-8855

ATTORNEYS FOR THE PLAINTIFFS

7

## CONSENT TO SUE

I hereby consent to sue my current/former employer Abercrombie & Fitch, for violations of the Fair Labor Standards Act and the New York State Minimum Wage Act.

*Steven Lucas*
PRINTED NAME

*Steven Lucas*
SIGNATURE